**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4798**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BONIFACIO CASTILLO SALGADO,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. Thomas D. Schroeder,
District Judge. (1:09-cr-00365-TDS-1)

Submitted: December 21, 2010     Decided: January 3, 2011

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram,
First Assistant Federal Public Defender, Greensboro, North
Carolina, for Appellant. Anna Mills Wagoner, OFFICE OF THE
UNITED STATES ATTORNEY, Sandra Jane Hairston, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bonifacio Castillo Salgado appeals his conviction and 120-month sentence imposed by the district court following a guilty plea to conspiracy to distribute five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), 846 (2006). Salgado's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) asserting that there are no meritorious issues for appeal. Salgado has filed pro se supplemental brief, arguing that he was not afforded effective assistance of trial counsel because counsel failed to explain the mandatory minimum sentence to him.[*]

Because Salgado did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Salgado] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Our

---

[*] We decline to consider on direct appeal Salgado's claim that his trial counsel provided ineffective representation. To allow for adequate development of the record, ineffective assistance of counsel claims must ordinarily be pursued in appropriate post-conviction proceedings. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Because ineffective assistance is not conclusively established by the present record, Salgado must pursue this claim on collateral review.

review of the record leads us to conclude that the district court fully complied with Rule 11, and that Salgado's guilty plea was knowing and voluntary.

We also conclude that Salgado's sentence is reasonable. We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range'" or "'failing to consider the § 3553(a) factors.'" United States v. Carter, 564 F.3d 325, 329 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51.). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. "A statutorily required sentence . . . is per se reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Salgado, and that the mandatory minimum sentence he received is per se reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Salgado's conviction and sentence. This court requires that counsel inform Salgado in

3

writing of his right to petition the Supreme Court of the United States for further review.  If Salgado requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Salgado.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>